[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before this court is an application for a prejudgment remedy attachment filed by the plaintiff. The plaintiff, Merola Enterprises LLC has brought an action against the defendant, Michael Ericson, alleging numerous counts of misconduct arising out of an employment relationship.
FINDINGS OF FACT
For purposes of the prejudgment remedy proceeding, the court makes the following findings of fact. At all times relevant to this matter, the defendant was doing business as Millard Enterprises. On June 16, 1998, the plaintiff hired the defendant to perform window tinting functions. At the time of the defendant's hiring, the plaintiff was completing a contract (hereinafter known as "Contract #1"), with Pratt Whitney (hereinafter known as "PW") for the supply of labor to be used in conjunction with the construction of certain metal carts. The carts were built by the plaintiffs employees on PW's property, using materials supplied by PW. Soon after his employment with the plaintiff began, the defendant was asked to perform services in connection with Contract #1. On June 29, 1998, the defendant was promoted to the position of Project Manager. As project manager, the defendant was to supervise laborers who were employed by the plaintiff, to construct the aforesaid carts. While the carts under the first contract were still being constructed, a second bid package was issued by PW and the plaintiff was the successful bidder on the second purchase order CT Page 8035 (hereinafter, also known as Contract #2). On or about November 23, 1998, PW placed a third contract out to bid. On this purchase order, both the defendant and the plaintiff submitted bids. Although the defendant knew that the plaintiff was bidding on the third purchase order, the plaintiff did not know that the defendant was bidding. The defendant was the successful bidder.
The defendant commenced work on Contract #3 on or about December 3, 1998, while still an employee of the plaintiff. The defendant also hired an employee to work on Contract #3, while he was still an employee of the plaintiff. Upon learning of the defendant's actions the plaintiff terminated him on December 9, 1998.
As an employee of the plaintiff, the defendant had access to information about the plaintiffs prior bids for Contracts #1 and #2. He knew that the plaintiff had reduced his bid from $25.00 per hour for contract #1 to $24.00 per hour for contract #2. Though he did have access to this bid information, this court is unpersuaded by the plaintiffs claim that the defendant unlawfully took or obtained this information. Rather, it appears that the information was readily available to the defendant on forms that the plaintiff provided to him.
Once he had decided to place a bid, the defendant testified that he made every attempt to keep this fact a secret from the plaintiff. The defendant intentionally with-held the fact that he was bidding on the third purchase order from the plaintiff. Frank Merola, a member of the plaintiff, was interested in whether there were other bidders, and would have, probably, reduced the plaintiffs bid if there were. Despite Mr. Merola's inquiries as to whether or not there were other bidders, the defendant did not disclose that he was submitting a bid.
The plaintiff and the defendant were the only bidders on the third purchase order. Further, the plaintiff and the defendant were the only two that representatives of PW wanted to work with, in connection with the third purchase order. Therefore, this court concludes that had the defendant not submitted a bid, the plaintiff would have obtained the third contract.
LEGAL CLAIMS OF THE PLAINTIFF
The plaintiff, in its complaint, alleges the following causes of actions: Misappropriations of confidential/proprietary CT Page 8036 information; conversion; larceny by theft or services; tortious interference with a contractual relationship; tortious interference with a business relationship expectancy; breach of duty of loyalty/breach of conduct of good faith and fair dealing; slander; violation of CUTPA. Notwithstanding the actual claims made by the plaintiff, defense counsel, in the Post-Hearing brief only addressed the issue of whether or not the defendant breached a fiduciary duty by bidding on the third purchase order, and not the specific allegations made by the plaintiff. Because this court finds that the plaintiff has met its burden regarding the tortious interference with business expectancy, it will not address the other claims raised by the plaintiff.
 TORTIOUS INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP AND TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY
Based on the evidence adduced during the hearing, this court concludes that the plaintiff has established probable cause regarding its tortious interference with business expectancy claim. The Supreme Court has set forth the necessary elements to establish tortious interference with a business relationship.Weiss Associates. Inc. v. Wiederlight, 208 Conn. 525, 536,546 A.2d 216 (1988); Solomon v Aberman, 196 Conn. 359,383, 493 A.2d 193 (1985); Blake v Levy, 191 Conn. 257, 260,464 A.2d 53 (1983); and Finman Sons v Conn. Truck Trailer Serv.,169 Conn. 407, 415, 363 A.2d 86 (1975). In order to prevail on such a claim the plaintiff must establish: the existence of a business relationship; the defendant's knowledge of that relationship; the intent to interfere with it; and a resulting loss suffered by the plaintiff Solomon, supra, 196 Conn. 383. Additionally, the Supreme Court has stated that:
 "[F]or a plaintiff successfully to prosecute such an action it must prove that the defendant's conduct was in fact tortious. This element may be satisfied by proof that the defendant was guilty of fraud, misrepresentations, intimidations or molestation . . . or that the defendant acted maliciously"
Weiss Associates, supra, 208 Conn. 536.
Weighing the requisite factors in the instant case, it is clear that the plaintiff will be able to establish each element CT Page 8037 necessary to support a claim of tortious interference with business expectancy. The plaintiff had a contractual relationship with PW which, although not guaranteed for perpetuity would have been extended at least for one more contract. The defendant knew of the contractual relationship between the plaintiff and PW. The defendant intentionally interfered with that relationship by submitting a bid on the third purchase order which he had good reason to believe would be lower than the one submitted by the plaintiff while he was still and employee of the defendant. As a result of the defendant's conduct, the plaintiff suffered a loss.
DAMAGES
Because this court finds that, had the defendant not bid on the third contract, the plaintiff would have been awarded that contract, the plaintiff is entitled to a prejudgment remedy attachment. The plaintiffs bid for the third contract was $24.00 per hour. The defendant's bid was $21.50 per hour for 2,500 hours. Assuming that the plaintiff would have only been successful in obtaining a contract for the amount to which PW ultimately agreed, and accepting the plaintiffs evidence that its profit margin was 40% of the total amount he received, the plaintiff would be entitled to ajudgment in the amount of $21,500.00. This court is not persuaded that the plaintiff has met its burden of establishing that it would be entitled to and would obtain punitive damages or attorneys fees[1].
This court finds that there is probable cause that judgment will be rendered for the plaintiff in the amount of, at least, $21,500.00. Therefore, this court grants the plaintiffs application for a prejudgement attachment in the amount $21,500.00.
ANGELA CAROL ROBINSON JUDGE, SUPERIOR COURT